429 F.2d 557
 UNITED STATES of America, Appellee,
v.
Bobby Randall BATES, Appellant.
UNITED STATES of America, Appellee,
v.
Alan Randall GREEN, Appellant.
UNITED STATES of America, Appellee,
v.
Clifford Darrell ISBELL, Appellant.
UNITED STATES of America, Appellee,
v.
Nicholas Emanuel PAPPAS, Appellant.
 Nos. 24777-24780.
 United States Court of Appeals, Ninth Circuit.
 June 24, 1970, Rehearing Denied in No. 24778 July 22, 1970,
Certiorari DeniedOct. 12, 1970. See 91 S.Ct. 61.
 
 Raymond E. Sutton (argued), Louis Wiener, Jr. (argued), and Herbert L. Waldman, of Wiener, Goldwater & Galatz, Ltd., Las Vegas, Nev., for appellants.
 Julien G. Sourwine (argued), Asst. U.S. Atty., Bart M. Schouweiler, U.S. Atty., Reno, Nev., for appellee.
 Before HAMLIN, ELY and CARTER, Circuit Judges.
 JAMES M. CARTER, Circuit Judge:
 Appellants were convicted for their participation in a plan to fly a load of marihuana into the United States from Mexico. All appellants were found guilty of one count of conspiracy to unlawfully import marihuana. Appellants Green and Pappas were also found guilty of one count of unlawfully importing marihuana, 21 U.S.C. 176a and 18 U.S.C. 2. All appellants challenge their convictions on a variety of grounds. Four contentions merit discussion. None requires a reversal.
 
 
 1
 I. Motions to Suppress Evidence Made by Green and Isbell Were Properly Denied.
 
 
 2
 Smith, the government informer, was equipped with a transmitting device. Conversations he had with the four appellants and others were transmitted and recorded under the supervision of customs agents. However, the recordings were not offered in evidence. Smith testified to the conversations.
 
 
 3
 A party to a conversation may testify to what transpired although the conversation was recorded or transmitted by electronic devices. Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963); On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270 (1952).
 
 
 4
 We do not reach the question as to the propriety of entering the recording in evidence or of using the testimony of agents who heard the conversation as it came over the transmitting device. The latter was the issue in United States v. White (7 Cir. 1969), 405 F.2d 838, cert. granted 394 U.S. 957, 89 S.Ct. 1305, 22 L.Ed.2d 559 (1969), relied on by Green and Isbell. We find no error.
 
 
 5
 II. The Jury was Properly Given the Entrapment Question.
 
 
 6
 Green and Pappas contend they were entrapped into the marihuana conspiracy by the government informer, Smith. Both testified in support of their contentions. The trial court treated the question as one of fact and properly instructed the jury as to the entrapment defense. The jury's verdict showed the jurors' disbelief of appellants' contention. Appellants now claim that the entrapment question was a question of law that the court should have resolved in their favor.
 
 
 7
 A reading of the evidence indicates the correctness of the trial court's actions. While it is conceded that Smith was instructed to assist in the apprehension of Pappas and Green, very little in his testimony suggests that the two were not willing participants in the smuggling scheme. Smith's testimony does not support appellants' contentions that they were extremely reluctant to enter the venture. Smith and his wife also testified as to prior drug dealings by the appellants.
 
 
 8
 We have held that entrapment is a question of law only where the evidence is substantially undisputed. Enciso v. United States (9 Cir. 1967),370 F.2d 749. Here appellants presented a rather weak showing of entrapment which did not correspond to the account of the informer. The question was properly left to the jury.
 
 
 9
 III. There Was Sufficient Evidence to Convict Isbell.
 
 
 10
 Isbell contends that there was insufficient evidence to permit the jury to find him guilty on the conspiracy count. We disagree.
 
 
 11
 Informer Smith testified that appellant Pappas called long distance from Mexico after he had purchased the marihuana. Green answered the phone and Isbell answered on the extension. Both talked to Pappas. Isbell questioned Pappas about a party who came back up from Mexico. Isbell asked Pappas when he would be back. After the phone conversation ended, Isbell said that he was tired of the delay, that he had a lot of money invested in Nick Pappas, and that he wanted to go East for a job. He asked that when 'this transaction transpired' and the money arrived it be given to his wife, who would take care of it. Green told Isbell not to worry because everything would be all right.
 
 
 12
 Evidence of a conspiracy must ordinarily be based on inferences drawn from competent circumstantial evidence. Miller v. United States (9 Cir. 1967), 382 F.2d 583, 586, cert. denied 390 U.S. 984, 88 S.Ct. 1108, 19 L.Ed.2d 1285 (1968); Diaz-Rosendo v. United States (9 Cir. 1966), 357 F.2d 124, 129, cert. denied 385 U.S. 856, 87 S.Ct. 104, 17 L.Ed.2d 83 (1966). We believe that Isbell's telephone conversation and statements provided a sufficient showing of his participation in the conspiracy.
 
 
 13
 Smith also testified that the day before the phone conversation, he had talked with Green outside the presence of Isbell. Green told him that Isbell had put up the first money in the marihuana purchase venture. Counsel for Isbell objected to the introduction of this evidence and asked to make a motion outside the presence of the jury. Counsel then moved for a mistrial as to Isbell because the Government's bill of particulars had not placed Isbell within the conspiracy at the time Green made his statement to Smith. The judge denied the motion. A reading of the bill of particulars makes clear that the Government had not stated that Isbell entered the conspiracy after the date of the Green statement. The motion was thus properly denied.
 
 
 14
 On proper objection, the motion might have been granted because the statement of Green was evidently not made in furtherance of the conspiracy but as merely a recitation of past facts. As such, it would not be an exception to the hearsay rule and would not bind Isbell. This objection, however, was never raised.
 
 
 15
 The trial court at various times during the trial and in the final instructions to the jury properly and carefully instructed the jury that a defendant could not be found to be a conspirator on the basis of what some other conspirator or co-defendant might have said about him. A finding of participation could only be based on testimony of the defendant's own acts and statements showing he knowingly and consciously joined the conspiracy. In the fact of these curative instructions, we are not faced with plain error under Fed.Rules Crim.Proc. 52(b).
 
 
 16
 IV. Isbell Was Properly Sentenced.
 
 
 17
 Isbell was convicted of a violation of Count 1 of the Indictment and sentenced to five years in prison. Count 1 stated in pertinent part that Isbell 'did * * * conspire * * * to commit an offense against the United States, that is to knowingly and with intent to defraud the United States import * * * 300 kilograms of marihuana, in violation of Title 21, United States Code, Section 176(a).' The count specified thirteen overt acts and concluded with the language, 'All in violation of Title 18, Section 371, United States Code.'
 
 
 18
 Isbell contends that the trial court erred in sentencing him under 21 U.S.C. 176a rather than under 18 U.S.C. 371, the general conspiracy statute. Although Isbell concedes that the five year sentence he received was authorized under either statute, he claims that he was denied the possibility of probation by being sentenced under 176a. The Government contends that despite mention of 18 U.S.C. 371, sentencing was required to be in accordance with 21 U.S.C. 176a. We agree with the Government's position.
 
 
 19
 21 U.S.C. 176a forbids a variety of acts relating to the introduction of marihuana into the United States. It also provides for the punishment of anyone who 'conspires to do any of the foregoing acts.' Faced with two conspiracy statutes, one general and the other specific, the specific must control. Tanksley v. United States (8 Cir. 1963), 321 F.2d 647; United States v. Galgano (2 Cir. 1960), 281 F.2d 908, 910-911, cert. denied 366 U.S. 967, 81 S.Ct. 1929, 6 L.Ed.2d 1257 (1961); Davis v. United States (4 Cir. 1960), 279 F.2d 576; Georges v. United States (5 Cir. 1959), 262 F.2d 426, 431-432. As stated in Davis in connection with a narcotic conspiracy statute similar to 21 U.S.C. 176a: 'Congress, when it enlarged the penalties, and prescribed minimum prison terms, for narcotic offenses, issued a command which is binding on the courts. The District Court was bound to impose sentence under 26 U.S.C.A. 7237 rather than under 18 U.S.C.A. 371, and the resulting sentence is not illegal.' 279 F.2d at 578. This circuit has recently by order granting a writ of mandamus, voided a district judge's grant of probation to a defendant indicted and tried under 21 U.S.C. 176a but convicted and sentenced for a conspiracy under 18 U.S.C. 371 to violate 26 U.S.C. 4744(a). United States v. Real, (No. 24,364, 2/10/70).
 
 
 20
 The transcript of sentencing further rebuts Isbell's claim. The trial judge observed that he would have imposed the same sentence, whether the sentence was under either 176a or 371. Therefore, Isbell would not have been given probation, and parole is now available under 176a as it always has been under 371.
 
 
 21
 Other matters raised by appellants have been considered and found to be without merit.
 
 
 22
 The judgments are affirmed.