**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Harvey B. ANNIS, an Individual, Harvey B. Annis, as Trustee for Liberty Providence Trust, and Lowell Anderson, Defendants–Appellants,**

**First Wyoming Bank–Casper, Defendant.**

**Nos. 79–1701, 79–1702.**

United States Court of Appeals, Tenth Circuit.

Submitted April 4, 1980.

Decided Nov. 17, 1980.

Harvey B. Annis, pro se.

Lowell Anderson, Casper, Wyo., joined in the brief for defendants–appellants.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Ann Belanger Durney and Stephen Gray, Attys., Tax Division, Dept. of Justice, Washington, D.C., and Charles E. Graves, U. S. Atty., Cheyenne, Wyo., of counsel, for plaintiff–appellee.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

After examining the briefs and the appellate record, this three–judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). This cause is therefore ordered submitted without oral argument.

Harvey B. Annis, as an individual and as trustee for Liberty Providence Trust, appeals from a district court summary judgment order authorizing the foreclosure of a federal tax lien and a public sale of real property subject to the lien. It appears the tax authorities assessed deficiencies with respect to Annis' personal income taxes for

the years 1971 to 1973. Annis sought relief in the Tax Court, where he erroneously thought he would be entitled to a jury trial. The Tax Court entered judgment against Annis on April 13, 1977, for $31,697.43 for taxes, penalties and interest to that date. No appeal was taken from the Tax Court judgment.

At the time of the Tax Court judgment against him, Annis owned a tract of real estate of approximately 37 acres, legally described as SW¼ of NW¼ of Section 34, Township 30 North, Range 82 West of the 6th P.M., Natrona County, Wyoming. The government filed notice of the federal tax lien against Annis with the Clerk and Recorder of Natrona County on August 21, 1977. Thereafter, Annis conveyed the tract to Rollan Kister who then conveyed it to Liberty Providence Trust. The instant action, "to set aside transfers of real property as fraudulent conveyances and to foreclose federal tax liens" was filed June 23, 1978.

In defending against this action Annis demanded a jury trial, attempted to relitigate his liability for the taxes, and defended the conveyances to Kister and thence to Liberty Providence Trust as not fraudulent. Prior to judgment the government dropped its claim to set aside the conveyances as fraudulent, saying in its brief it "amends its complaint accordingly and asks the court to disregard its request that the conveyance be set aside"; Annis asserts this action somehow denied him due process. He also appears to challenge the amount of the lien asserted by the government as being inconsistent with the Tax Court judgment.

Lowell Anderson, without submitting a motion to be allowed to intervene, filed an answer and other pleadings, claiming to be another trustee of the Liberty Providence Trust. He asserted essentially the same defenses as those set up by Annis. The court treated Anderson as a nonparty and apparently did not give him notice of the hearing at which summary judgment was granted in favor of the government; Anderson, joining in the brief of Annis on appeal, claims his nonjoinder also rendered the judgment defective. We briefly treat all of these allegations, which appear to be asserted as error in the appeal.

■ First, Annis is barred by the doctrine of res judicata from relitigating his liability for taxes, the issue having been previously decided against him by the Tax Court. *Commissioner v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). The district court also correctly struck the demand for a jury trial. The government seeks only to enforce its tax lien, which action sounds in equity and does not give rise to the right of a jury trial. *Gefen v. United States*, 400 F.2d 476 (5th Cir. 1968); *Damsky v. Zavatt*, 289 F.2d 46 (2d Cir. 1961). Treating Anderson as a necessary or indispensable party to this suit does not change the result. This is not an action against Anderson for recovery of taxes in the sense treated in *United States v. Anderson*, 584 F.2d 369 (10th Cir. 1978). No personal judgment is sought against Anderson. This is simply an action to assert a lien against property which may now be titled in Anderson's name, the taxes being those of a prior owner already determined by a final judgment with the lien perfected prior to the transfer of title.

■ No problems are created by the government's action of dropping its claim to set aside the conveyances as fraudulent. So long as the claim not dropped—foreclosure of the lien against the property—was adequately set out in the complaint, as it was, there is no surprise or prejudice to Annis. He cannot complain that his problems of defense have been simplified.

■ In his brief Annis notes a discrepancy between the amount of the lien asserted by the government–$41,601.45 as of October 26, 1978–and the amount of the Tax Court judgment–$31,697.43 of taxes, penalties and interest as of April 13, 1977. He implies that this discrepancy makes the grant of summary judgment wrong. But, as the court notes, penalties and interest continue until the judgment is paid; the penalties accruing at the rate of $117.42 per month and interest at $5.09095 per day. The dollar difference between the face amount of

the judgment and the amount claimed and approved by the court is due to the continuing accrual of penalties and interest. Taxpayer has the burden of showing error in the amount of an assessment, *see Fidelity Bank v. United States*, 616 F.2d 1181, 1186 (10th Cir. 1980); none has been shown here.

■ Finally, it is contended that the failure to join Lowell Anderson as a party to the suit renders the judgment defective. Prior to judgment Anderson swore by affidavit that he was a cotrustee of the property against which the lien was sought. In addition, most of the pleadings and briefs in the case were cosigned by Anderson and Annis. The court appears to have ignored Anderson, treating him for all purposes as a nonparty, perhaps because he never made a motion to be allowed to intervene. The court's order that "all assets of the defendant Harvey B. Annis covered by that lien be sold at a public sale" to satisfy the government's lien clearly contemplates sale of the tract of land. If Anderson is in fact a cotrustee holding legal title to this property, his legal title precludes any order that the property be sold absent his joinder. *Draisner v. Liss Realty Co.*, 228 F.2d 48 (D.C.Cir.1955). *See also* 3A Moore's Federal Practice ¶ 19.12 (2d ed. 1979) ("One who holds the legal title, even if it is only bare legal title, such as a trustee holding for security or in escrow, or an assignee for the benefit of creditors, is an indispensable party in a suit in which the legal title will be affected." [footnotes omitted].)

In view of our discussion above, and the apparently undisputed fact that the government's lien attached prior to the transfer to the trust, it is difficult to imagine any effective defense that Anderson might assert to deny the government relief. But we must remand for a determination of whether Anderson is a title holder as trustee, and if he is, he must be joined as a party under Fed.R.Civ.P. 19 and given an opportunity to present any defenses he might have to the action. In other respects the judgment is affirmed.