UNITED STATES of America, Plaintiff-Appellee,

v.

Joseph AFFLERBACH, John Cotton, Michael Cotton, Harvey M. Annis, and Murray Watson, Defendants-Appellants.

Nos. 82–1710, 82–1984 to 82–1987.

United States Court of Appeals, Tenth Circuit.

Jan. 18, 1985.

McKay, Circuit Judge, filed dissenting opinion.

Michael G. Katz, Federal Public Defender, Vicki Mandell-King, Asst. Federal Public Defender, Denver, Colo., for defendants-appellants.

Richard A. Stacy, U.S. Atty., Francis Leland Pico, Asst. U.S. Atty., Lisa Leschuck, Legal Intern, Cheyenne, Wyo., for plaintiff-appellee.

Before McKAY, DOYLE and LOGAN, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal by Joseph Afflerbach, John Cotton, Michael Cotton, Harvey Annis, and Murray Watson from their criminal convictions in the United States District Court for the District of Wyoming. We affirm the judgments of conviction.

The facts are that for some time the Internal Revenue Service ("IRS") had tried to collect taxes due from appellant Harvey Annis. The IRS secured a judicial determination that Annis owed the money, *United States v. Anderson, et al.,* No. 81–1349, slip op. (10th Cir. Nov. 23, 1981) (per curiam); *United States v. Annis,* 634 F.2d 1270 (10th Cir.1980), and sent him several deficiency notices. Annis failed to respond to the notices and this caused the district court to issue an order on July 17, 1981, allowing IRS agents to enter Annis's farm and seize machinery and equipment to satisfy the deficiency.

IRS Special Agents Benjamin Baker and Robert Freeland proceeded to inspect the Annis property to make certain of its exact location. They returned with Revenue Officers Andrew Tagliavore and John Dalrymple and Natrona County Deputy Sheriff Gerald Wushbon. Officer Tagliavore testified that the special agents were necessary because of Annis's past resistance, and that a confrontation could possibly be

anticipated. The agents began tagging the equipment specified in the order. After that, as some of the machinery was being readied to be towed away, appellant Murray Watson arrived. Watson asked Deputy Wushbon to arrest the agents for stealing the equipment, claiming that much of it belonged not to Annis but to the other appellants. Agent Baker told Watson that if he could document his ownership of the equipment, the equipment would not be taken. Watson left the Annis farm in order to obtain the necessary documents and to notify the other appellants.

Just as the agents began to leave, the appellants drove their trucks to the entrance of the farm. There is some dispute whether the vehicles blocked the agents' exit. The appellants, armed with pistols, 12-gauge shotguns, and a Colt AR 15 semi-automatic rifle, got out of their trucks and approached the agents. Appellants Afflerbach, John Cotton, and Michael Cotton confronted Agent Freeland and Deputy Wushbon, threatening them with violence. Simultaneously appellants Annis and Watson discussed the situation with Agent Baker. At last the agents agreed to leave the equipment on the Annis property if the appellants would put away their weapons. No one was harmed, and the appellants returned to their trucks. The IRS has not attempted seizure of the equipment since that incident.

On September 4, 1981 the appellants were indicted. Count I charged them with violation of 18 U.S.C. § 111 [1] and § 2 [2] for forcibly interfering with or assaulting federal officers. Only appellant Watson was not charged in that count with the use of a

---

**1.** 18 U.S.C. § 111 provides:

Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years or both.

Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

**2.** 18 U.S.C. § 2 provides:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

deadly weapon. Count II charged all but Watson with violation of 18 U.S.C. § 924(c)[3] for the use of a firearm in the commission of a felony. Trial was held in the United States District Court for the District of Wyoming.

Afflerbach, John Cotton, and Michael Cotton were convicted on both counts. Annis and Watson were found guilty of a lesser included offense under Count I, that of forcibly interfering with a federal officer without the use of a deadly weapon, and were found not guilty of Count II. Afflerbach was sentenced to seven years' imprisonment on Count I, followed by five years' probation on Count II. John Cotton was sentenced to two years' imprisonment on Count I, followed by five years' probation on Count II. Michael Cotton received eighteen months' imprisonment on Count I and four years' probation on Count II. Annis and Watson were sentenced to three years' probation on Count I, three months of which were to be served in jail. All five appellants appeal on various grounds.

Appellants first claim was that the district court abused its discretion by failing to grant their motion for transfer within the district. Appellants had moved for the trial to be held in Casper, where they, along with their attorney and some of their witnesses, lived. The district court denied the motion, deciding that for security reasons, the trial should be held in Cheyenne, where the federal marshal's personnel were more readily available. Rule 18, F.R. Cr.P. provides that "[t]he court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice." Appellants argue that the district court failed to consider their convenience in setting the place of trial.

■■■ This court has held that the mere fact that a defendant's home is nearer one trial site than another is insufficient to merit transfer. *United States v. Lawson*, 670 F.2d 923, 926 (10th Cir.1982). A defendant must allege "specific prejudice," resulting from the Court's refusal to transfer. *Id.* Appellants here have failed to establish any such prejudice. Furthermore, Rule 18 allows a court to consider "the prompt administration of justice" in fixing the place of trial and matters of security clearly fall within that consideration. Hence the district court did not abuse its discretion in denying appellants' motion to transfer the trial to Casper.

Second, the appellants argue that the district court erred in denying their motion to stay the proceedings because non-registered voters were not included in the jury pool. The District of Wyoming chooses its prospective jurors solely from voter registration lists, a process which appellants claim precludes the selection of a fair cross-section of jurors.

■■■ The statute, 28 U.S.C. § 1861, allows litigants "the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." Section 1863(b)(2) provides that voter registration lists are to be the primary source of prospective jurors. "The supplementation of voter lists is the exception, not the rule, and absent a showing of deficient representation the use of an approved jury selection process is lawful." *United States v. Bennett*, 539 F.2d 45, 55 (10th Cir.), *cert. de-*

---

**3.** 18 U.S.C. § 924(c) provides:
 (c) Whoever—
 (1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or
 (2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States, shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years. In the case of his second or subsequent convic-

tion under this subsection, such person shall be sentenced to a term of imprisonment for not less than two nor more than twenty-five years and, notwithstanding any other provision of law, the court shall not suspend the sentence in the case of a second or subsequent conviction of such person or give him a probationary sentence, nor shall the term of imprisonment imposed under this subsection run concurrently with any term of imprisonment imposed for the commission of such felony.

*nied,* 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976). Appellants can prevail only if they show that the district's reliance on registration lists systematically excluded a distinct, cognizable class of persons from jury service. *United States v. Test,* 550 F.2d 577, 586 (10th Cir.1976); *United States v. Grismore,* 546 F.2d 844, 848 (10th Cir.1976); *United States v. Bennett, supra* at 55. Persons who choose not to register to vote do not comprise such a cognizable group. *Reed v. Wainwright,* 587 F.2d 260, 264 (5th Cir.1979); *United States v. Lewis,* 472 F.2d 252, 256 (3d Cir.1973). The district court thus properly denied appellant's motion to stay proceedings in that the appellants failed to establish that the jury selection process systematically excluded a cognizable class.

■ Third, appellants advance the contention that the IRS agents' attempted seizure of equipment was itself illegal and that therefore the appellants had the right to resist. The IRS has the right to levy the property of a taxpayer who has failed to pay any federal tax. 26 U.S.C. § 6331(a). The district court order, allowing seizure of Annis's equipment, was properly entered, and the seizure was legal.[4] The appellants had no right to resist the IRS agents. This circuit has held that a third person has no right to intervene in an arrest when he knows or has reason to know the officer is authorized to make the arrest. *United States v. Vigil,* 431 F.2d 1037, 1042 (10th Cir.1970). By analogy, the appellants here had no right to resist the seizure of equipment when the agents clearly identified themselves and showed the appellants a copy of the district court order.

■ Fourth, appellants advance the argument that they were denied their Sixth Amendment right to effective assistance of counsel. They maintain that their attorney was not prepared, failed to file all motions requested by the appellants, and filed other motions that were insufficient. The trial record establishes that appellants' lawyer exercised "the skill, judgment and diligence of a reasonably competent defense attorney," as required by this circuit. *United States v. Golub,* 694 F.2d 207, 213 (10th Cir.1982); *United States v. Crouthers,* 669 F.2d 635, 643 (10th Cir.1982); *Dyer v. Crisp,* 613 F.2d 275, 278 (10th Cir.), *cert. denied,* 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980). The attorney's decision not to file all motions requested by his clients was not ineffective assistance of counsel. Effective assistance "does not demand that every possible motion be filed, but only those having a solid foundation." *United States v. Crouthers, supra* at 643, quoting *United States v. Hines,* 470 F.2d 225, 232 (3d Cir.1972), *cert. denied,* 410 U.S. 968, 93 S.Ct. 1452, 35 L.Ed.2d 703 (1973).

■ Appellants' fifth claim is that the district court erred in instructing the jury that third persons (for example, Watson, Afflerbach, John Cotton, and Michael Cotton) do not have the right to intervene and assist the person (Annis) whose property the IRS agents had attempted to seize. Appellants assert that the instruction was misleading because they acted to prevent the taking of their own property, not the property of another. It is true that appellants are entitled to instructions on their theory of defense only if there is evidence to reasonably support the theory. *United States v. Hoopes,* 545 F.2d 721, 721 (10th Cir.1976), *cert. denied,* 431 U.S. 954, 97 S.Ct. 2675, 53 L.Ed.2d 270 (1977). As we stated earlier, the district court order allowed the IRS to confiscate Annis's property, not that of the other appellants. The order was presumptively legal, and the appellants did not present any evidence that the machinery belonged to them. In any event, appellants' presence on Annis's property prevented the IRS agents from confiscating any of Annis's equipment.

■ Sixth, appellants make the argument that the IRS lacked "jurisdiction" over Annis' equipment because Annis was not given advance notice of the levy. However, notice of that levy comported with the

---

**4.** Even if the seizure were illegal, appellants' recourse lies in a civil proceeding, not in resist-ing the seizure themselves.

requirements of both *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350, 97 S.Ct. 619, 627, 50 L.Ed.2d 530 (1977) ("Levy upon tangible property normally is effected by service of forms of levy or notice of levy and physical seizure of the property; where that is not possible, the property is posted or tagged") and the version of 28 U.S.C. § 6331 then in effect (ten-day notice not required in these circumstances).

 Last, appellants argue that they were charged under the wrong statute and that the sentences they received constitute cruel and unusual punishment. Appellants' assertion of cruel and unusual punishment must fail because the sentences they received were all within the statutory limits. *United States v. MacClain*, 501 F.2d 1006, 1013 (10th Cir.1974). However, *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980) compels us to vacate the probationary sentences received by Afflerbach, John Cotton, and Michael Cotton for violation of 18 U.S.C. § 924(c). Because these appellants were convicted under 18 U.S.C. § 111, which contains its own enhancement of sentence provision, their sentences cannot be further enhanced by § 924(c). Thus, although we affirm all the appellants' convictions and sentences under § 111, we must vacate the sentences received by Afflerbach, John Cotton, and Michael Cotton under § 924(c).

McKAY, Circuit Judge, dissenting:

I respectfully dissent.

On September 4, 1981, defendants were indicted for impeding Internal Revenue Service agents in carrying out a lawful levy on the property of defendant Harvey Annis. Count I of the indictment charges violation of 18 U.S.C. § 111 [1] and 18 U.S.C. § 2, and Count II of the indictment charges a violation of 18 U.S.C. § 924(c). [2]

Defendant Afflerbach was convicted and sentenced to seven years on Count I of the indictment and was sentenced to a period of five years probation under Count II of the indictment. Defendant John Cotton was sentenced to two years under Count I of the indictment and to probation for a period of five years under Count II of the indictment. Defendant Michael Cotton was sentenced to incarceration for 18 months under Count I of the indictment and to four years probation under Count II of the indictment. Defendants Harvey Annis and Murray Watson were both convicted only under Count I of the indictment and were sentenced to three years custody.

I. *Defendants were improperly sentenced under a general criminal statute when their conduct violated a specific statute.*

The sentencing in the present case violates the time-honored rule of statutory construction that "a more specific statute will be given precedence over a more general one, regardless of their temporal sequence." *Busic v. United States*, 446 U.S. 398, 406 (1980). This rule has long been followed to prevent a defendant from being convicted under a general statute when a specific statute more particularly describing his criminal conduct has been enacted. *Enzor v. United States*, 262 F.2d 172 (5th Cir.1958) (conspiracy to sell narcotics must be punished under statute respecting con-

---

1. Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in § 1114 [including agents of the I.R.S.] of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

 Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both.
 18 U.S.C. § 111.

2. Whoever—
 (1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or
 (2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States, shall in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years.
 18 U.S.C. § 924(c).

spiracy to violate narcotics laws, 26 U.S.C. § 7237(b), rather than under general conspiracy statute); *United States v. Bates*, 429 F.2d 557 (9th Cir.1970) (conspiracy to sell narcotics must be punished under 26 U.S.C. § 7237 rather than under 18 U.S.C. § 371, the general conspiracy statute); *Robinson v. United States*, 142 F.2d 431 (8th Cir.1944) (property stolen from the post office must be punished under 18 U.S.C. § 313 rather than 18 U.S.C. § 99, which prohibits stealing personal property belonging to the United States).

The continued reliability of this doctrine of statutory construction has been called into question by a recent United States Supreme Court opinion. In *United States v. Batchelder*, 442 U.S. 114 (1979), the Court held that the U.S. Attorney had the discretion to choose which of two statutes prohibiting receipt of firearms by a convicted felon he would proceed under, even though the statute he proceeded under carried a longer maximum term of imprisonment for its violation. Since *Batchelder* some courts have held that there is no federal rule limiting the government's discretion to proceed under a general statute in opposition to the provisions of a specific statute. *See United States v. Carpenter*, 611 F.2d 113 (5th Cir.1980); *United States v. Simon*, 510 F.Supp. 232, 237 (E.D.Pa. 1981).

I find this reliance on *Batchelder* improper and decline to follow the reasoning of these cases. *Batchelder* did not involve a general and a specific statute but dealt with two statutes which proscribed, in almost identical terms, the conduct for which the defendant was convicted. Thus the holding in *Batchelder* does not undermine the longstanding rule that a specific statute governs over a general statute, particularly in light of the *Busic* Court's subsequent reliance upon this doctrine in holding the general enhancement statute section 924(c) inapplicable in face of the specific enhancement provision found in section 111.

Moreover, the rule that a specific statute should govern over a general statute should not be lightly disregarded. As the Court explained in *Simpson v. United States*, 435 U.S. 6 (1978), the rule that a specific statute should prevail is a corollary to the rule of lenity ("ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity", *United States v. Bass*, 404 U.S. 336, 347 (1971)), and has "special cogency where a court is called upon to determine the extent of the punishment to which a criminal defendant is subject for his transgressions. . . . [The rule is] an outgrowth of our reluctance to increase or multiply punishments absent a clear and definite legislative directive." *Simpson*, 435 U.S. at 15.

I therefore conclude that, despite *Batchelder*, the rule remains that where a defendant is convicted of a specific crime for which Congress has intentionally proscribed a more lenient punishment, the prosecution and the courts are not at liberty to defy that specific congressional mandate.

Title 18 U.S.C. § 111 is a general statute that prohibits interference with federal officers in the conduct of their duties, whereas 26 U.S.C. § 7212(a) prohibits the forcible interference with the duties of IRS agents.[3]

---

3. (a) **Corrupt or forcible interference.** —Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both. The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.
26 U.S.C. § 7212(a).

The indictment and evidence at trial proved a violation of 26 U.S.C. § 7212(a). From the foregoing discussion, it is clear that the defendants were convicted under the wrong statute and were therefore improperly sentenced.

## II. *Defendants' sentences violated Busic v. United States*

While normally (as the majority has noted) *Busic v. United States*, 446 U.S. 398 (1980), would require reversal of the section 924(c) sentence, properly analyzed this case does not require this remedy. Title 26 U.S.C. § 7212(a) under which defendants should have been sentenced does not contain an enhancement provision for the use of firearms. Thus, sentencing under this provision can be accompanied by an enhanced sentence under 18 U.S.C. § 924(c) without violating *Busic.*

## III. *Remedy*

The remedy for sentencing under the wrong statute is to remand the case to the district court for resentencing under the proper statute, 26 U.S.C. § 7212. *See Enzor v. United States*, 262 F.2d 172, 175 (5th Cir.1959); *United States v. Bates*, 429 F.2d 557, 559–60 (9th Cir.1970).

I concur in the court's opinion as it relates to the first six issues addressed therein. I would affirm but remand the case for resentencing on Count I under 26 U.S.C. § 7212(a).