76 F.3d 390
 77 A.F.T.R.2d 96-1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Deborah WALKER, Plaintiff,
v.
Harry W. ANDERSON, Douglas A. Hartford, et al., Defendants.
UNITED STATES of America, Counterclaim/Plaintiff-Appellee,
v.
Deborah WALKER, Counterclaim/Defendant-Appellant.
Deborah WALKER, Plaintiff,
v.
Harry W. ANDERSON, Douglas A. Hartford, et al., Defendants.
UNITED STATES of America, Counterclaim/Plaintiff-Appellee,
v.
George COON, Counterclaim/Defendant-Appellant.
 Nos. 95-35252, 95-35256.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1996.*
Decided Jan. 30, 1996.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and REA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Deborah Walker and George Coon appeal the district court's adverse judgment in their tax and civil rights case. We affirm.
 
 I. Walker's Appeal
 
 4
 A. Bivens Claims.
 
 
 5
 For several independent reasons, the district court did not err in granting summary judgment on Walker's Bivens claims.
 
 
 6
 (1) Walker was not entitled to a pre-seizure hearing. See Towe Antique Ford Foundation v. I.R.S., 999 F.2d 1387, 1394 (9th Cir.1993).
 
 
 7
 (2) Walker's evidence did not present a colorable claim that the officials involved in the challenged conduct were more than negligent. O'Neal v. Eu, 866 F.2d 314 (9th Cir.1989) ("A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under Bivens.").
 
 
 8
 (3) Because a thorough pre-seizure investigation gave the officials involved reason to believe the levies were lawful, they were entitled to qualified immunity.
 
 
 9
 (4) Walker's only remedy was an action for wrongful levy under 26 U.S.C. § 7426 as a third person claiming an interest in the property seized. Winebrenner v. United States, 924 F.2d 851, 855 (9th Cir.1991).
 
 
 10
 B. Leave To Amend.
 
 
 11
 The district court did not err by granting the government's motion to amend its answer and add counterclaims. The government's claims are not barred by the Alaska statute of limitations; the Alaska statute Walker cites does not purport to preclude the federal government from collecting federal taxes. Since Walker's claims and the government's counterclaims involved the same evidence, amendment avoided a second, redundant, lawsuit. The district court did not abuse its discretion in joining Coon. The government asserted the same right, foreclosure, against both Coon and Walker, and the two cases involved virtually identical issues of law and fact. Fed.R.Civ.Pro. 20(a). See generally League to Save Lake Tahoe v. Tahoe Reg.Plan.Agency, 558 F.2d 914, 917 (9th Cir.1977) (this court construes Rule 20 "liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits.").
 
 
 12
 C. Jury Trial.
 
 
 13
 Walker was not entitled to jury trial on her § 7426 wrongful levy claim. See 28 U.S.C. § 2402 ("Any action against the United States under section 1346 [which provides for jurisdiction in wrongful levy suits] shall be tried to the court without a jury, except [for suits for refund of taxes and penalties]."); Towe Antique Ford Foundation, 999 F.2d at 1395.
 
 
 14
 Since both the underlying claim and remedy sought were equitable, Walker had no right to a jury trial on the government's counterclaim. See Spinelli v. Gaughan, 12 F.3d 853, 855 (9th Cir.1993). Foreclosure suits were historically equitable, (see United States v. Annis, 634 F.2d 1270, 1272 (10th Cir.1980); Gefen v. United States, 400 F.2d 476, 477-79 (5th Cir.1968); Damsky v. Zavatt, 289 F.2d 46, 52-54 (2d Cir.1961)), and the government sought only an equitable remedy: an order allowing the property to be sold.
 
 
 15
 D. Factual Findings.
 
 
 16
 The district court did not err in finding the truck Coon received in the divorce settlement had no equity: Coon himself testified the truck was worth no more than the remaining payments. The district court did not err in finding Walker and Coon conducted a trucking business and constructed the Ida Lake home together: Coon testified Walker trucked with him in the lower 48 states during the relevant times, and Walker conceded at trial that Coon "helped participate in the construction of the house."
 
 
 17
 The district court did not err in allowing the government to levy Coon's $700 contribution to Walker's coin business. The record shows Coon occasionally worked at the coin business and obtained inventory for it.
 
 
 18
 The district court, which observed Walker and Coon's testimony first-hand, did not clearly err in rejecting Walker's testimony that she did not transfer real property to her stepbrother to defraud the government, but to ensure Coon "couldn't come back and try to con me out of it."
 
 
 19
 Since Coon transferred the funds to Walker to defraud the government, the district court did not err in tracing them to the Ida Lake property, even though neither Walker nor Coon intended Coon to own any legal interest in that property.
 
 
 20
 The district court did not err in concluding Coon owned half of the house and improvements. The record suggests Coon helped pay for and actively participated in the construction of the house, and there is little evidence Walker had the resources to make the improvements herself.
 
 III. Coon's Appeal
 
 21
 Coon's tax debts were not discharged in bankruptcy. Chapter 7 bankruptcy bars discharge of "any debt ... for a tax ... with respect to which a return, if required ... was not filed." 11 U.S.C. § 523(a)(1)(B)(i). "As a general rule, a document 'which does not contain any information relating to the taxpayer's income from which the tax owed can be computed' is not a return." United States v. Kimball, 925 F.2d 356, 357 (9th Cir.1991) (en banc) (quoting United States v. Klee, 494 F.2d 394, 397 (9th Cir.1974)). Since nothing can be calculated from Coon's asterisks, Coon's 1040s were not "returns," under section 523, and his Chapter 7 bankruptcy did not extinguish his tax liabilities.
 
 
 22
 Coon argues the government may not challenge the discharge because it failed to do so in the bankruptcy court. This argument is frivolous. The bankruptcy court explicitly discharged only those debts that were "dischargeable under 11 U.S.C. § 523." It did not purport to discharge Coon's tax liabilities because it had no authority to do so. The government had no obligation to challenge a discharge of tax debts that did not, and could not, occur.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3