**UNITED STATES of America,**

v.

**Daniel MORILLO, Defendant.**

**No. CR. 97–026 HL.**

United States District Court,
D. Puerto Rico.

Jan. 26, 1999.

Antonio R. Bazan–Gonzalez, U.S. Attorney's Office, District of P.R., Crim. Div., Hato Rey, PR, for plaintiff.

Frank D. Inserni–Milam, San Juan, PR, for defendant.

### *OPINION AND ORDER*

LAFFITTE, District Judge.

Defendant Daniel Morillo moves to stay the proceedings to allow counsel to inspect and copy all records of the court in the selection process of petit juries in this District and to allow defendants to retain an expert in the field of migration of Dominican nationals in Puerto Rico in order to assist defendant in mounting an attack on the jury venire premised on scientific and statistical formulas.

In challenging the exclusion of Dominican nationals from the jury list, defendant submits a statement under penalty of perjury

subscribed by Mrs. Vanessa Pascual Morán, a Ph.D. in Sociology. Dr. Pascual asserts that the Dominican nationals are a distinctive group in the community; that they are not fairly represented in the venire from which jurors are chosen; that the under-representation results from a systematic exclusion of the group in the jury selection process selected from voter registration lists; and that the great majority of Dominicans residing in Puerto Rico are not eligible voters because they are not United States citizens.

While a defendant has no constitutional right to a jury of any particular composition, the Sixth Amendment requires that the jury venire from which the petit jury is selected represents a fair cross section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). To codify and implement the Sixth Amendment's fair-cross-section requirement, Congress enacted the Jury Selection and Service Act of 1968 ("JSSA"). The JSSA sets forth guidelines for selecting grand and petit juries in federal courts. 28 U.S.C. §§ 1861–78. Accordingly, "all litigants in Federal Courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the district or division wherein the Court convenes..." Section 1860. Pursuant to Section 1863 of the JSSA, the District of Puerto Rico has placed into operation a written plan for random selection of grand and petit jurors. Prospective jurors for the master jury wheel are drawn from voter registration lists of the electoral precincts of Puerto Rico.

To establish a prima facie violation of the fair-cross-section requirement a defendant must show that: (1) the group allegedly excluded is a "distinctive" group in the community; (2) the group was not fairly represented in the venire from which the petit jury was chosen; (3) the under-representation resulted from a systematic exclusion of the group in the jury selection process.[1] *Du-*

*ren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

Defendant's claim that the exclusion of Dominican nationals from a jury, petit or grand, deprives a Dominican national defendant of the Sixth Amendment right to an impartial jury. Jury selection procedures implicate, of course, Sixth Amendment, equal protection and due process principles.

The JSSA explicitly disqualifies from service on grand and petit jury any person who is not a citizen of the United States. 28 U.S.C. § 1865(b)(1). Aliens, therefore, are deemed unqualified for jury service. Service on grand and petit jury is reserved to citizens of the United States who are otherwise qualified. The JSSA admits no other interpretation. Courts have found a compelling interest in restricting jury service to citizens, and upheld the federal statutory scheme excluding non-citizens from jury service. *United States v. Toner*, 728 F.2d 115 (2d Cir.1984) (no denial of equal protection to omit aliens from juries); *United States v. Gordon–Nikkar*, 518 F.2d 972 (5th Cir.1975) (no denial of Sixth Amendment right by failure to have resident aliens in juries, though defendants were of Cuban origin and 30% of Miami's population were resident aliens of Cuban descent); *United States v. Afflerbach*, 754 F.2d 866 (10th Cir.1985), *cert. denied*, 472 U.S. 1029, 105 S.Ct. 3506, 87 L.Ed.2d 636 (1985) (no Sixth Amendment violation excluding non-registered voters from jury pool because persons who do not register to vote are not a "distinctive" group); see also, *U.S. v. Cecil*, 836 F.2d 1431 (4th Cir.1988), *cert. denied*, 487 U.S. 1205, 108 S.Ct. 2846, 101 L.Ed.2d 883 (1988) (under-representation of hispanics on voter registration lists resulted not from discrimination but from group's failure to register).[2]

Contrary to defendant's allegations, there is no constitutional requirement that juries be drawn from a cross-section of the

---

1. For the purpose of this ruling, the Court assumes that Dominican nationals residing in Puerto Rico constitute a "distinctive" group and that they are systematically excluded in the jury selection process. Cf. *U.S. v. Pion*, 25 F.3d 18 (1st Cir.1994); *U.S. v. Maldonado–Rivera*, 922 F.2d 934 (2d Cir.1990), *cert. denied*, 501 U.S.

1233, 111 S.Ct. 2858, 115 L.Ed.2d 1025, 1026 (1991).

2. 28 U.S.C. § 1863 provides that voter registration lists are to be the primary source of prospective jurors.

community without imposition of any qualifications. In other context, courts have likewise ruled that the fair-cross-section requirement is not violated when the following groups do not constitute a "distinctive" group in the community: *Anaya v. Hansen*, 781 F.2d 1 (1st Cir.1986) (blue collar workers and "less educated individuals" not distinctive groups); *Ford v. Seabold*, 841 F.2d 677 (6th Cir.1988) (young adults and college students not distinctive groups); *U.S. v. Balistrieri*, 778 F.2d 1226 (7th Cir.1985) (rural community members not "distinctive group"), *cert. denied*, 477 U.S. 908, 106 S.Ct. 3284, 91 L.Ed.2d 573 (1986); *Silagy v. Peters*, 905 F.2d 986 (7th Cir.1990) (persons over age of 70 not distinctive group), *cert. denied*, 498 U.S. 1110, 111 S.Ct. 1024, 112 L.Ed.2d 1106 (1991).

While it is true that the Sixth Amendment and the JSSA mandate that the jury venire from which the petit jury is drawn represent a fair cross-section of the community, Congress has the power—and the Courts have so acknowledged—to require citizenship as a prerequisite to service on federal juries. Defendant has made no showing that there has been a failure to comply with the JSSA, or that the exclusion of Dominican nationals from the jury venire violates his Sixth Amendment right to a jury selected from a fair cross-section of the community in this District.

WHEREFORE, defendant's motion to stay proceedings and to allow for inspection of jury lists and jury venire procedure, Dkt. 192, is hereby **denied** as lacking in merit.

**IT IS SO ORDERED.**