**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRIS A. ANDERSON,

Defendant-Appellant.

No. 12-3021

(D. of Kan.)

(D.C. Nos. 2:10-CR-20001-KHV-1
and 2:11-CV-02571-KHV)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Chris A. Anderson, a federal prisoner proceeding pro se, appeals the district court's dismissal of his application for habeas relief under 28 U.S.C. § 2255. He also seeks leave to proceed in forma pauperis. We have jurisdiction under 28 U.S.C. § 1291, and we construe Anderson's filings liberally because he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We agree with the district court that Anderson was not entitled to relief under § 2255. Accordingly, we DENY his request for a certificate of appealability (COA), GRANT his application to proceed in forma pauperis, and DISMISS his appeal.

## I. Facts

Anderson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and to knowingly renting, using and maintaining a residence for the purpose of unlawfully manufacturing and distributing cocaine and cocaine base in violation of 21 U.S.C. § 856(a)(1). He was sentenced to 108 months' imprisonment, but did not file a direct appeal. He then filed this § 2255 motion to vacate, set aside, or correct his sentence.

Anderson argued in his § 2255 motion that (1) because he only had one prior felony conviction, the court erred by allowing him to plead guilty to being a felon in possession of a firearm; (2) the court violated his rights under the Double Jeopardy Clause of the Fifth Amendment by enhancing his sentence for the same conduct which formed the basis of the underlying offense under 21 U.S.C. § 856(a)(1); and (3) his attorney provided ineffective assistance on a variety of grounds. The district court denied all of Anderson's arguments in a written order and denied a COA. On appeal, Anderson only raises arguments related to the ineffectiveness of counsel.

# II. Discussion

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). For Anderson to be granted a COA, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

At the outset, it is worth noting that all of Anderson's claims appear to be barred by his plea agreement, which waived his right to file collateral challenges. But as the district court did, we will address the merits of Anderson's complaint for the purpose of judicial efficiency.

Construing his petition liberally, Anderson appears to raise three separate arguments, all related to challenging the effectiveness of his trial counsel. He argues that his counsel was ineffective because counsel: (1) did not challenge the proposed sentence for the first count; (2) did not challenge drug quantity at sentencing; and (3) did not file a motion to suppress.

To establish ineffectiveness of counsel, Anderson must show that: (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient

-3-

performance, Anderson must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* This requires showing that counsel's performance was "below an objective standard of reasonableness." *United States v. Walling*, 982 F.2d 447, 449 (10th Cir. 1992). But there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. As to the second element, we must determine "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

## A.  Proposed Sentence

Anderson argues that his counsel was ineffective because counsel did not challenge his sentence of 108 months; he believes he should have only received a sentence of between 30 and 37 months. Anderson attributes his sentence to the district court treating him as though he had two prior felony convictions when in fact he had only one. The district court addressed this argument below, finding that Anderson is mistaken in his belief as to the appropriate Sentencing Guidelines range in this case.

According to the district court, Anderson appears to believe that the court should not have sentenced him according to Section 2K2.1 of the Guidelines, because that provision requires two prior felony offenses. But, as examined

-4-

below, (1) only certain subsections of Section 2K2.1 require multiple felony offenses, and (2) in any event, Anderson was actually sentenced under Section 2D1.8 (which applied to Count 2), because Section 2D1.8 resulted in a higher guidelines range after the offenses were appropriately grouped.

Accordingly, there was no error, and in turn, no ineffective assistance of counsel.

## B. Drug Quantity

Anderson argues that neither the indictment, the plea agreement, or credible evidence could support an inference that more than two grams of cocaine were unlawfully manufactured or distributed, as per Count 2. Anderson appears to argue that his counsel's advice to plead guilty in the face of the government's evidence was ineffective.

It is undisputed that a valid search of Anderson's residence produced 1.4 grams of cocaine. A confidential informant also testified that he had purchased two ounces (56.7 grams) of cocaine base from Anderson on a daily basis for a period of two years. At the change of plea hearing, Anderson stipulated to selling two ounces of cocaine on a daily basis for two *weeks* (for a total of 793.8 grams), not years, as a part of a negotiated stipulation with the government. On its face, this appears to be a strategic decision on the part of Anderson and his counsel—to avoid being potentially tied to two *years* worth of cocaine sales, Anderson stipulated merely to two weeks. *Strickland*, 466 U.S. at 689 (finding there is a

"strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

The district court noted that, while Anderson does not dispute that he actually *did* sell the cocaine over the two-week period stipulated to, he may be arguing that any stipulation was per se ineffective assistance because there was no drug quantity listed in the indictment. But again, this is incorrect. *See United States v. Foy*, 641 F.3d 455, 469 (10th Cir.) (finding the court may "look beyond the charges alleged in the indictment and may consider quantities of drugs not alleged in calculating a defendant's base offense level, provided the drugs were part of the same course of conduct or common scheme or plan as the offense of conviction"), *cert. denied*, 132 S. Ct. 497 (2011).

As the district court noted, "defendant appears to have benefitted tremendously from the stipulation in light of the fact that the confidential informant stated that defendant had been selling cocaine base for a much longer period. . . .[and] defendant has not shown that he had any credible defense" to such a claim. R., Vol. I at 74 n.5; *see also id.* at 74 n.6 ("If defendant had not admitted a particular quantity of cocaine base, the Court would have determined the amount of drugs at sentencing . . . . [and] it appears that the confidential informant's estimate of the daily drug quantity was credible for some period beyond two weeks.").

Accordingly, there was no ineffective assistance of counsel with respect to drug quantity.

### C.  Motion to Suppress

Anderson argues that his counsel provided ineffective assistance by not filing a motion to suppress the confidential informant's testimony.  But only those motions having a solid foundation, not every possible motion, should be filed. *United States v. Afflerbach*, 754 F.2d 866, 870 (10th Cir. 1985).  Anderson's argument is predicated again on his belief that since the drug quantity was not included in the indictment, his counsel should have not encouraged Anderson to stipulate to drug quantity at the plea hearing.  And if this had not been done, the confidential informant's testimony could have been suppressed and a lesser sentence would have resulted.  We addressed, and rejected, this argument above and do so again for the same reasons.

## III.  Conclusion

Based on the foregoing analysis, we DENY Anderson's request for a COA, GRANT his application to proceed in forma pauperis, and DISMISS his appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

-7-