**UNITED STATES of America, Plaintiff,**

v.

**Harold L. POTTORF, Defendant.**

No. 91–20017–01.

United States District Court,
D. Kansas.

June 26, 1991.

**1178**

Leon J. Patton, Asst. U.S. Atty., Kansas City, Kan., for U.S.

William M. Modrcin, Thomas E. Carew, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on numerous pretrial motions filed by defendant Harold L. Pottorf ("defendant Pottorf"). Defendant Pottorf is a tax protestor who has been charged with four counts of willfully failing to file federal income tax returns for calendar years 1984, 1985, 1986 and 1987 in violation of 26 U.S.C. § 7203. Oral argument was heard on June 10, 1991. This matter is set for trial at 10 a.m. on September 30, 1991, before Chief Judge Earl E. O'Connor, in Kansas City, Kansas.

## I. DISCOVERY MOTIONS

As a preliminary matter, the court finds that Defendant's motion for Disclosure of Informant (Doc. 38) and Defendant's Motion for Disclosure under Rule 12(d)(2) (Doc. 27) are moot. The United States of America ("the government") has represented to the court that no informant was used by the government and that it has no Rule 16 material which would be subject to a nonfrivolous motion to suppress. Further,

defendant Pottorf represented that he was satisfied with the government's response. Accordingly, the court finds that these motions are moot and should be denied. Additionally, the court finds that defendant's motion for an extension of time during which to file additional pretrial motions (Doc. 31) should be denied. Defendant has offered no persuasive reason for deviating from the schedule set at the omnibus hearing held on April 18, 1991. Further, to the extent that a timely examination of the discoverable materials may give rise to a need to file additional pretrial motions, defendant may seek leave of the court. Accordingly, defendant's motion for an extension of time during which to file additional pretrial motions will be denied.

### A. Defendant's Motions for Exculpatory Evidence

In defendant's motion, he requests disclosure of numerous items contending that they contain exculpatory evidence. In seeking such a vast array of discovery, including some 69 categories which covers 19 pages,[1] Pottorf relies upon *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny.

Under *Brady,* the government must disclose all "material" evidence which is relevant to a defendant's guilt or punishment. *United States v. Agurs,* 427 U.S. 97, 106, 109, 96 S.Ct. 2392, 2398, 2400, 49 L.Ed.2d 342 (1976). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). The burden of establishing materiality of the requested and undisclosed information rests upon the defendant, as the law does not require the government to prove that the information

---

1. This request includes the following: evidence showing that defendant engaged in charitable works; evidence that the filing of income tax returns was voluntary; evidence which indicates that the defendant did not believe he was required to file income tax returns; internal IRS investigative material including reports; evidence showing defendant's reliance upon the advice of counsel, etc.

is not material. *See, e.g., United States v. Barnett*, 587 F.2d 252, 258 (5th Cir.), *cert. denied*, 441 U.S. 923, 99 S.Ct. 2031, 60 L.Ed.2d 396 (1979).

■ Notwithstanding the duty to disclose exculpatory evidence, the government is not required to open its entire file to defense counsel, but is required to reveal only evidence which is favorable to the accused that, if left undisclosed, would deprive the defendant of a fair trial. *Agurs*, 427 U.S. at 108–90, 96 S.Ct. at 2399–400. Indeed, the constitution does not demand that the government disclose or allow complete discovery of everything which might influence a jury. *Id.* In this regard, the Tenth Circuit recently stated:

> The Government has no obligation to disclose possible theories of the defense to a defendant. If a statement does not contain any expressly exculpatory material, the Government need not produce that statement to the defense. To hold otherwise would impose an insuperable burden on the Government to determine what facially nonexculpatory evidence might possibly be favorable to the accused by inferential reasoning. We are confident that the Supreme court did not intend the *Brady* holding to sweep so broadly.

*United States v. Comosona*, 848 F.2d 1110, 1115 (10th Cir.1988). Further, the determination of materiality of the information is normally made by the government, unless defendant becomes aware that other exculpatory evidence has been withheld, and brings this to the court's attention. *Pennsylvania v. Ritchie*, 480 U.S. 39, 59, 107 S.Ct. 989, 1002, 94 L.Ed.2d 40 (1987).

■ Upon a thorough review of the defendant's requests, the government's response and the foregoing authorities, the court finds that defendant's motion should be denied except to the extent that the government has indicated that it will produce all discovery which it is obligated to produce under *Brady* and *Giglio*. The government has responded to each specific request of the defendant and has reiterated that it is aware of its duties under *Brady, Giglio*, the Jencks Act and Rule 16 and will accordingly produce any exculpatory evidence which is in its possession. Specifically, with respect to requests 9, 11, 12, 14, 15, 16, 18, 20, 21, 25, 26, 27, 28, 29, 30, 34, 35, 40, 41 and 44, the government states that it will provide any exculpatory evidence of which the government is aware. Further, as to those requests which the government specifically objects to providing any disclosure, the court finds that defendant has failed to make the requisite showing that any additional exculpatory evidence exists, is material, or has a substantial basis for materiality as required by *Brady*. Indeed, defendant's numerous requests appear to be an attempt to open the government's files to the defense, and an attempt to have the government conduct defendant's own research. Further, the court is satisfied that the government recognizes its ongoing duty to disclose any exculpatory evidence. Accordingly, the court finds no reason to conduct an *in camera* inspection, and will deny defendant's motion for disclosure of exculpatory evidence, except as expressly agreed to by the government.

### B. *Defendant's Motion to Disclose Grand Jury Minutes and Testimony*

Defendant seeks disclosure of (1) documents and/or things pertaining to matters occurring before the Grand Jury in the above-entitled matter; (2) any and all evidence and/or things of any evidentiary nature exhibited to the Grand Jury; (3) a transcript of all testimony regarding Mr. Pottorf; and (4) Grand Jury Minutes reflective of any disclosure which might include Mr. Pottorf and the persons present during deliberations as are required by Rule 6(c) Fed.R.Crim.P.

■ In determining whether to disclose grand jury testimony and other matters occurring before the grand jury, the court must consider the interests of maintaining the secrecy of grand jury proceedings. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979). The reasons for protecting the secrecy of grand jury proceedings have been enumerated as follows:

(1) To present the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with resect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681–82 n. 6, 78 S.Ct. 983, 986 n. 6, 2 L.Ed.2d 1077 (1958) (citation omitted). Further, maintaining the secrecy of grand jury proceedings is important not only with respect to the "immediate effects upon a particular grand jury," but also with respect to the effect disclosure may have upon future grand juries. *Douglas Oil Co.*, 441 U.S. at 222, 99 S.Ct. at 1674.

■ Despite the strong policy of maintaining the secrecy of grand jury proceedings, in certain situations disclosure of grand jury minutes and transcripts is appropriate where justice demands. *Douglas Oil Co.*, 441 U.S. at 219, 99 S.Ct. at 1673. These situations have been codified at Fed. R.Crim.P. 6(e)(3)(C) which provides for disclosure:

> (i) when so directed by a court preliminarily to or in connection with a judicial proceeding; [or]

> (ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury....

Accordingly, upon a showing of "particularized need" the court may grant disclosure of matters involving grand jury proceedings. *Proctor & Gamble Co.*, 356 U.S. at 681–82, 78 S.Ct. at 985–86.

Upon consideration, the court finds that defendant has failed to make the requisite showing of a "particularized need." First, the court finds that defendant has made no showing that matters occurred before the grand jury which could serve as a basis to dismiss. Secondly, the court finds that defendant has not demonstrated that his defense will be greatly prejudiced without the disclosure of this information. Specifically, the court is unpersuaded by defendant's assertion that he needs the grand jury transcript to impeach witnesses who testified against him before the grand jury. Defendant will be obtaining transcripts of all prosecution witnesses two weeks prior to trial. Thus, the court finds that the defendant will have ample time during which to review the prior testimony of witnesses of the prosecution. Accordingly, the court will deny defendant's motion to disclose grand jury minutes and testimony because defendant has failed to demonstrate a particularized need.

C. *Defendant's Motion to Discover Exculpatory Records and Documents Maintained in the IRS System of Records*

■ In his motion, defendant moves the court pursuant to Fed.R.Crim.P. 16(a)(1)(C) to order disclosure of voluminous documents and computer data maintained in the Internal Revenue System of records. Defendant's requests span 16 pages. Defendant asserts that these documents are discoverable under *Brady, United States v. Buford*, 889 F.2d 1406 (5th Cir.1989), and Rule 16.

Rule 16(a) provides in relevant part:
**Disclosure of Evidence by the Government.**

**(1) Information Subject to Disclosure.**

. . . .

**(C) Documents and Tangible Objects.** Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects ... which are

within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

The court finds that defendant's motion should be denied except to the extent that the defendant seeks disclosure of communications and statements made by the defendant in paragraphs 27, 29 and 30 of his request. The court further finds that defendant has failed to make the requisite showing of materiality under Rule 16(a)(1)(C) in regard to his remaining requests. The court also finds that much of the discovery which defendant seeks is specifically excepted from disclosure by Rule 16(a)(2) which prohibits the disclosure of internal government documents, reports or memoranda prepared by the attorney for the government or other government agents in connection with the investigation and prosecution of this case. Fed. R.Crim.P. 16(a)(2).

Furthermore, the court is unpersuaded by the defendant's reliance upon *Brady*. The court finds that the government has represented that it does not know of any exculpatory information in its files. Further, the court finds that the defendant has not demonstrated that any undisclosed exculpatory evidence exists or that the requested information is material to his defense. Unlike the defendant in *United States v. Buford*, upon which defendant Pottorf relies, defendant has not asserted that he did file income tax returns for the years charged in the Indictment.[2] Thus, because no issue of fact exists with respect to whether defendant Pottorf actually filed income tax returns for the various years charged in the Indictment, the evidence contained in the requested documents is not material to his defense. In other words, defendant has failed to show that there is a "reasonable probability that, were the evidence disclosed to the defense, the result of the proceeding would be different." *Pennsylvania v. Ritchie*, 480 U.S. at 57, 107 S.Ct. at 1001. Accordingly, the court finds no basis for defendant's contention that he is entitled to the requested disclosure, and thus, the court will deny defendant's motion to discover exculpatory records and documents maintained in the IRS System of Records.

### D. *Defendant's Motion for Examination and Inspection of Documents and Things Regarding Tax Liability of Government Witnesses*

Defendant moves the court to order discovery of any and all documents and things in the hands of the government which are relevant and material to the examinations or audits of the tax returns of witnesses of the government. The government objects to defendant's request on the grounds that it is frivolous, and that it has already stated it will provide all *Brady* material of which it is aware. Accordingly, the government moves the court to dismiss defendant's motion on grounds that it is moot.

In the *United States v. Dawes*, No. 88–10002–01, slip op. at 8 (D.Kan., *unpublished*, Oct. 15, 1990) (1990 WL 171074), Judge Crow addressed an identical motion filed by defendant Pottorf's attorney in another case. In *Dawes*, the court held that evidence which revealed that a government witness was the subject of a pending IRS audit or investigation would potentially show a possible bias or prejudice of that witness. *Id.* Accordingly, because the court held that this information was evidence which could be used to impeach the

---

**2.** In *Buford*, 889 F.2d 1406, 1407–08 (5th Cir. 1989), the government cross-examined the defendant who was charged with conspiracy and aiding and abetting the preparation of false income tax returns of third persons. The government impeached the defendant by implicating that the defendant did not file any income tax returns on his own behalf. *Id.* Because the defendant had been denied production of his Individual Master File, he was unable to refute this erroneous inference. The Fifth Circuit Court of Appeals ruled that the court abused its discretion in denying the defendant's request for the production of the Individual Master File, and in failing to conduct an *in camera* inspection to determine whether it contained any exculpatory material.

government's witnesses, the court ruled that this information was essential to effective cross-examination, and as such, was subject to disclosure under *Brady*. *Id.* (citing *United States v. Buchanan*, 891 F.2d 1436, 1443 (10th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 1829, 108 L.Ed.2d 958 (1990)).

The court finds *Dawes* to be persuasive. However, in the instant case, the court finds that defendant's motion should be denied at this time based upon the representations made by the government. Specifically, the government has stated that it is not aware of, nor in possession of any such evidence. Consequently, the court finds that defendant's motion is moot. However, if the government becomes aware of any such evidence, the court finds that such evidence would be subject to disclosure under *Brady*. Accordingly, the court will deny defendant's motion at this time.

## II. MOTION FOR A BILL OF PARTICULARS

Defendant moves the court for a Bill of Particulars on grounds that the Indictment fails to state facts sufficient to constitute an offense with sufficient certainty (Docs. 10 & 34).

■ The purpose of a bill of particulars is to supplement the Indictment when necessary, to enable a defendant to prepare his defense, avoid prejudicial surprise at trial, and to bar the risk of double jeopardy. *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir.1983). Further, a bill of particulars is not meant to allow a defendant to obtain evidentiary detail of the government's case or information regarding the government's legal theories. *Id.* Nor is a bill of particulars "designed as a vehicle for discovery." *United States v. Deerfield Specialty Papers, Inc.*, 501 F.Supp. 796, 810 (E.D.Pa.1980) (citation omitted). The grant or denial of a motion for a bill of particulars is within this court's discretion. *United States v. Wright*, 826 F.2d 938, 942 (10th Cir.1987).

■ Thus, in determining whether to grant a defendant's motion for a bill of

particulars, the court must decide whether the Indictment adequately informs the defendant of the essential facts of the crime charged in the Indictment prior to proceedings and discovery. Additionally, the court must determine whether the defendant has made a specific showing of prejudice. *Wright*, 826 F.2d at 942. A generalized and conclusory statement of prejudice will not satisfy such a showing. *See, e.g., United States v. Wells*, 387 F.2d 807, 808 (7th Cir.), *cert. denied*, 390 U.S. 1017, 88 S.Ct. 1272, 20 L.Ed.2d 168 (1968). Instead, the defendant must show actual surprise and prejudice. *United States v. Hawkins*, 661 F.2d 436, 452 (5th Cir.), *cert. denied*, 456 U.S. 991, 102 S.Ct. 2274, 73 L.Ed.2d 1287 (1982).

■ In reviewing the defendant's request, the court finds that the defendant's motion should be denied because he is merely seeking disclosure of the evidentiary details of the government's case. *See, e.g., United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir.), *cert. denied*, 439 U.S. 819, 99 S.Ct. 80, 58 L.Ed.2d 109 (1978); *United States v. Baca*, 494 F.2d 424, 426 (10th Cir.1974); *United States v. Shoher*, 555 F.Supp. 346, 349–50 (S.D.N.Y.1983); *Deerfield Specialty Papers, Inc.*, 501 F.Supp. at 810. In his motion, defendant argues that a mere allegation that he has violated 26 U.S.C. § 7203 is insufficient to apprise him of which specific legal duties he has allegedly violated. However, upon review of the Indictment in this case, the court finds that it more than adequately apprises the defendant of the charges filed against him so that he is able to adequately prepare his defense. Specifically, the court finds that the Indictment issued in this case charges four counts of willfully failing to file an income tax return in violation of 26 U.S.C. § 7203. Further, the Indictment contains specific factual allegations about the unpaid tax obligations; the calendar years during which defendant failed to file any tax returns; and the specific illegal actions of defendant. Upon consideration of the foregoing, the court finds the Indictment is sufficiently detailed to inform the defendant of the essential facts of the

crimes with which he is charged. Furthermore, the court finds that defendant Pottorf has failed to make a showing of specific prejudice which would result from the failure of the court to grant the bill. *Wright*, 826 F.2d at 942–944. The court finds that Indictment and the discovery thus far produced in this case, provide the defendant with adequate notice of the charges against him, supply him with enough facts to enable him to prepare his defense so that he will be able to avoid surprise at trial and will be able to avoid double jeopardy in any later proceeding. *See Gabriel*, 715 F.2d at 1449. Accordingly, the court will deny defendant's motion for a bill of particulars.

## III. MOTIONS TO DISMISS

A. *Defendant's Motion to Dismiss Based on Failure to Comply with the Paperwork Reduction Act of 1980*

▊ Defendant moves the court to dismiss the Indictment because the federal tax regulations do not contain control numbers and expiration dates as required by the Paperwork Reduction Act of 1980 ("PRA"), 44 U.S.C. §§ 3501 *et seq.* The PRA requires that federal agencies submit all "information collection requests" to the Director of the Office of Management and Budget ("OMB") for review. 44 U.S.C. § 3507. Upon approval by the OMB director, a control number is assigned to that particular information collection request. *See Dole v. United Steelworkers*, 494 U.S. 26, ——–——, 110 S.Ct. 929, 932–33, 108 L.Ed.2d 23 (1990). Tax forms are classified as information collection requests. *Id.; United States v. Collins*, 920 F.2d 619, 630 (10th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991). Accordingly, tax forms must be approved by the Director of the OMB and contain a control number reflecting such approval. Failure to comply with the PRA, may preclude the imposition of penalties against those who fail to properly satisfy the information collection request. 44 U.S.C. § 3512. Under the PRA:

no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved was made after December 31, 1981, and does not display a current control number assigned by the Director, or fails to state that such request is not subject to this chapter."

44 U.S.C. § 3512.

In this case, defendant contends that his duty to file tax returns arises out of IRS regulations which are invalid and unenforceable because they violate the PRA. Specifically, defendant contends that the 1984 regulations are defective because they do not contain OMB control numbers. Defendant further contends that while the applicable 1985, 1986 and 1987 regulations contain OMB control numbers, they are invalid nonetheless because they lack expiration dates.[3] Thus, defendant contends, because these regulations are invalid, he does not owe any duty to file income tax returns, and the Indictment must be dismissed.

Upon review, the court finds defendant's motion is without merit. Quite simply, the court finds that the requirement, or legal duty, to file income tax returns is found in the federal statutes, not the regulations, specifically 26 U.S.C. § 6012(a)(1)(A). This provision requires that every individual who earns a threshold level of income must file a tax return. Further, violations of the failure to file income tax returns is subject to criminal penalty under 26 U.S.C. § 7203. *See United States v. Wunder*, 919 F.2d 34 (6th Cir.1990) ("Defendant was not convicted of violating a regulation but of violating a statute which required him to file an income tax return."); *see also, United States v. Dawes*, No. 88–10002–01, slip op. at 36–38 (D.Kan., *unpublished*, Oct. 15, 1990) (1990 WL 171074); *United States v. Karlin*, 762 F.Supp. 911 (D.Kan.1991). Thus, because the duty to file income tax returns arises out of valid federal statutes rather than regulations, the court finds that the defendant's argument that the

---

**3.** Defendant contends that expiration dates are

required under § 3504(c)(3)(A) of the PRA.

penalty bar contained in the PRA at 44 U.S.C. § 3512 warrants dismissal of the instant Indictment is without merit.[4]

Further, to the extent that the PRA applies to "information collection requests," the court finds that the "information collection request" in this case complies with the PRA. In this case, the IRS 1040 form is the "information collection request" which must contain an OMB control number. The court finds that the 1040 forms employed during the years charged in this Indictment, satisfy the PRA because they each contain an OMB control number. Finally, the court finds defendant's argument that these forms violate the PRA because they do not have expiration dates is similarly without merit. Each 1040 form contains the year of its effective coverage. *See United States v. Collins*, 920 F.2d at 631. Accordingly, the court will deny defendant's motion.

B. *Defendant's Verified Motion to Dismiss Based on Selective and Vindictive Prosecution*

Defendant contends that the Indictment should be dismissed because he is being impermissibly singled out and prosecuted for exercising his first amendment rights. Specifically, defendant contends that he is a target of illegal activities of the IRS due to his membership in the National Commodity and Barter Association ("NCBA"), a nationwide association of individuals who are opposed to current tax, fiscal and monetary laws and policies of the United States. Defendant further contends that the IRS is hostile toward this association and the positions which it advocates. The defendant contends that the IRS is prosecuting him in order to impede his first amendment right to free speech and freedom of association.

In determining whether defendant has established a basis to dismiss the Indictment for selective prosecution, the court begins with the premise that "the Government retains 'broad discretion' as to whom to prosecute." *Wayte v. United States,* 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985). Further, "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962). It has been further stated that a presumption exists that a prosecution for violation of the criminal law is in good faith. *United States v. Bennett,* 539 F.2d 45, 54 (10th Cir.), *cert. denied,* 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976) (citation omitted). Nevertheless, "[s]electivity in the enforcement of criminal laws is, of course, subject to constitutional constraints." *United States v. Batchelder,* 442 U.S. 114, 125, 99 S.Ct. 2198, 2204-05, 60 L.Ed.2d 755 (1979).

In order to establish a prima facie case of selective prosecution, the defendant must prove the following elements: (1) others similarly situated have not been prosecuted for the same conduct, (2) that the prosecution has singled out the defendant intentionally, and on the basis of an arbitrary and invidious criterion, such as race, religion or political beliefs. *United States v. Aguilar,* 883 F.2d 662, 705 (9th Cir.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 751, 112 L.Ed.2d 771 (1991); *United States v. McWilliams,* 730 F.2d 1218, 1221 (9th Cir.1984). In reviewing the parties' arguments and authorities cited herein, the court finds that defendant has failed to establish a prima facie case for selective prosecution. First, the court finds that defendant has failed to establish that others similarly situated have not been prosecuted for failing to file tax returns. Secondly, while it may be true that vocal tax protestors are more frequently prosecuted for failure to file income tax returns, this disparity is not the result of impermissible discrimination. Instead, this disparity results from the fact that the IRS is "more likely to discover violations by persons who make public statements." *United States v. Kahl,* 583 F.2d 1351, 1353-54 n. 2 (5th

---

4. The court finds defendant's reliance upon *United States v. Smith,* 866 F.2d 1092 (9th Cir. 1989) to be misplaced. In *Smith,* neither the regulations nor the forms of the collection information requested contained OMB numbers. *Id.* at 1098-99.

Cir.1978). This is especially true in the instant case because the defendant had direct contact with IRS agents to whom he communicated his opposition to the payment of income taxes. Thus, the court finds that the basis of defendant's prosecution is his alleged failure to file income tax returns, not his membership and association with the NCBA. Accordingly, the defendant's motion to dismiss based upon selective prosecution will be denied.

 In the alternative, defendant contends that his prosecution is impermissible because it is based upon vindictive or retaliatory motivation. In order to establish a prima facie case of vindictive prosecution, defendant must establish that he is being prosecuted in retaliation for the exercise of some legal right. *McWilliams*, 730 F.2d at 1221.

 In this case, defendant contends that his prosecution is in retaliation for his assertion of his fifth amendment right to remain silent during a show cause hearing before Magistrate Rushfelt on July 17, 1986. This hearing was held in regard to defendant Pottorf's failure to file income tax returns for calendar years 1980, 1981, and 1982. Following defendant Pottorf's assertion of his right to remain silent, Magistrate Rushfelt filed a Report and Recommendation which recommended that defendant Pottorf not be held in contempt for refusing to answer various questions. Chief Judge O'Connor adopted this report. Defendant Pottorf was subsequently assessed civil fraud penalties for his failure to pay taxes owed for 1980, 1981 and 1982. Special Agents for the government subsequently recommended that a criminal investigation be conducted concerning the defendant for the same years. This recommendation was declined. However, a criminal investigation into whether defendant Pottorf had violated federal tax laws by failing to file returns for the calendar years of 1984 through 1987 was later commenced.

Defendant Pottorf contends that the instant charges in the Indictment are in retaliation for his refusal to offer testimony in the previous investigation which resulted in the assessment of civil tax penalties. The defendant relies upon cases which stand for the proposition that it is impermissible to reindict a defendant on more serious charges for the same underlying activity when the defendant has successfully exercised a legal right. *See, e.g., Blackledge v. Perry*, 417 U.S. 21, 27–28, 94 S.Ct. 2098, 2102–03, 40 L.Ed.2d 628 (1974) (prosecutor impermissibly obtained an indictment charging a felony offense for the same underlying conduct of defendant in retaliation for the defendant's successful challenge to his conviction of misdemeanor assault).

The court finds that the facts of this case do not support defendant's motion to dismiss on the basis of prosecutorial vindictiveness. Defendant's reliance upon *Blackledge* is misplaced because the charges on which defendant has been indicted arise from completely different underlying activity, *i.e.*, his alleged failure to file income tax returns and pay taxes for the calendar years of 1984, 1985, 1986 and 1987. The court finds that this is simply not a case where the prosecution has substituted a more serious charge for the original one. Nor does the court find that the defendant has demonstrated that his current prosecution is retaliatiation for the exercise of any legal right. *McWilliams*, 730 F.2d at 1221. Accordingly, the court will deny defendant's motion to dismiss on the basis of vindictive prosecution.

C. *Defendant's Motion to Dismiss or Stay Proceedings Based on 28 U.S.C. § 1867(a)*

Defendant moves the court to either dismiss or stay proceedings because the method of selecting grand and petit jurors in the District of Kansas systematically excludes from jury service those who did not vote in the last presidential election. Defendant further contends that such an exclusion deprives the defendant of his constitutional and statutory right to be tried by a jury composed of a fair cross-section of the community in the district or division wherein the court convenes. *See* 28 U.S.C. § 1861. Defendant also contends that Local Rule 125 which sets forth the method of select-

ing prospective jurors violates 28 U.S.C. § 1863(b)(2) because it does not contain a provision for supplementing the jury list.

 In order to establish a prima facie case of a violation of the "fair cross-section of the community" requirement, the defendant must show:

(1) that the group alleged to be excluded is a distinctive group in the community;
(2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and
(3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979).

 In the District of Kansas, prospective jurors are selected from the list of those who voted in the last presidential election. D.Kan. 125. Local Rule 125 provides in relevant part:

(d) **Source of Names.** The names of prospective grand and petit jurors shall be selected at random from the official lists of actual voters in each of the counties comprising the divisions herein designated....

This method of selection is expressly approved in 28 U.S.C. § 1863(b) which provides in relevant part:

Among other things, such plan shall—
...
(2) specify whether the names of prospective jurors shall be selected from voter registration lists *or the lists of actual voters* of the political subdivision within the district or division.... (Emphasis added).

In determining whether such a method of selection is acceptable, the court finds *United States v. Afflerbach*, 754 F.2d 866, 869–70 (10th Cir.), *cert. denied*, 472 U.S. 1029, 105 S.Ct. 3506, 87 L.Ed.2d 636 (1985) to be controlling. In *Afflerbach*, the appel-

lants contended that the jury selection process of the District of Wyoming was defective because petit and grand jurors were selected from the voting registration lists. *Id.* Consequently, those who did not register to vote were systematically excluded. In rejecting the appellants' argument, the court stated:

Appellants can prevail only if they show that the district's reliance on registration lists systematically excluded a distinct, cognizable class of persons from jury service. Persons who choose not to register to vote do not comprise such a cognizable group.

*Id.* at 870 (citations omitted).

Similarly, in this case, the court finds that those who did not actually vote in the last election do not make a distinct, cognizable class of persons. Thus, the mere fact that nonvoters were automatically excluded from the pool of prospective grand and petit jurors does not demonstrate that the venire is not composed of a fair cross-section of the community. More specifically, the defendant has failed to show how this systematic exclusion of nonvoters disproportionately impacts any distinct, and cognizable group such as a racial, gender or political group. *See, e.g., Duren v. Missouri*, 439 U.S. at 364, 99 S.Ct. at 668. Because the defendant has failed to satisfy the first prong under *Duren, i.e.*, that the "group alleged to be excluded is a 'distinctive' group in the community," defendant's motion to dismiss or stay proceedings on this basis will be denied.[5]

## IV. MOTIONS REGARDING JURY PANEL SELECTION AND VOIR DIRE

### A. *Defendant's Motion for Disclosure of Jury Panel Information Pursuant to 26 U.S.C. § 6103(h)(5)*

 Defendant moves the court pursuant to 26 U.S.C. § 6103(h)(5) for the early

---

5. Accordingly, because the court has found that the defendant has failed to demonstrate how the current method of selective prospective jurors violates 28 U.S.C. § 1861, the court finds no reason to address defendant's contention that

Local Rule 125 is defective because it does not set forth a method for supplementing the voter lists when necessary under 28 U.S.C. § 1861. 28 U.S.C. § 1863(b)(2).

release of jury panel information in order to obtain responses from the Secretary of the Treasury as to whether a prospective juror has been the subject of an audit or other investigation by the IRS. (Doc. 30). The government opposes the defendant's motion. Specifically, the government objects to disclosure of any such information dating back more than five years. In support, the government has submitted a declaration by Patricia M. Korth, Disclosure Officer for the Internal Revenue Service for the District of Kansas ("Officer Korth"). (Doc. 45). Additionally, the government opposes the direct release of the jury list to the defendant. Instead, the government requests the court to direct the clerk to send the list directly to the Treasury Disclosure Officer for the District of Kansas.

Title 26, United States Code, Section 6103(h)(5) provides:

> **Prospective Jurors.**—In connection with any judicial proceeding described in paragraph (4) to which the United States is a party, the Secretary shall respond to a written inquiry from an attorney of the Department of Justice (including a United States attorney) involved in such proceeding or any person (or his legal representative) who is a party to such proceeding as to whether an individual who is a prospective juror in such proceeding has or has not been the subject of any audit or other tax investigation by the Internal Revenue Service. The Secretary shall limit such response to an affirmative or negative reply to such inquiry.

Under the above provision, a defendant who is the subject of a criminal action for violation of Title 26 is entitled to know whether prospective jurors have been audited. *See United States v. Hashimoto*, 878 F.2d 1126, 1129–34 (9th Cir.1989); *United States v. Masat*, 896 F.2d 88, 94 (5th Cir.1990). Further, § 6103(h)(5) contains no express time limitation. *United States v. Sinigaglio*, 925 F.2d 339, 341 (9th Cir.1991).

Upon consideration, the court finds that the defendant's motion should be granted. However, in view of the considerable time that such an investigation will take,[6] the court will direct the Disclosure Officer to produce the statutory information only from 1964 to the present. The court finds that to go beyond 1964 would require a manual search by year and name. The Disclosure Officer estimates that such an investigation would take at a minimum between 14 to 16 weeks. While the court believes that it would be within its powers to order the production of all information available pursuant to § 6103(h)(5) since 1960, the court finds that the burden placed upon the Secretary of the Treasury, and the interests of the defendant and the public to the speedy disposition of cases outweigh the slight benefit which would be gained from manually researching the information on file from 1960 through 1964. Further, the court finds that any the prospective jurors may be questioned on *voir dire* with respect to those years prior to 1964.

Because of the substantial amount of time that may be necessary to conduct the investigation any delay on the part of the defendant in submitting their written request to the Secretary will be unacceptable. Accordingly, the defendant is directed to submit his written request to the Disclosure Officer within five days of his receipt of the jury panel list provided by the clerk of the court. Further, defendant is directed to submit a copy of this order with his request to the Disclosure Officer in order that the investigation may be expedited. Finally, although the court does not anticipate that its order will result in delay, the court finds that any delay which results from defendant's inquiry will be considered as excludable time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A), as the ends of justice are served by granting any necessary continuance so that the information regarding potential bias on the part of prospective jurors may be obtained.

---

**6.** Officer Korth sets forth the amount of time necessary to conduct the appropriate inquiry for approximately 50 prospective jurors. She estimates that it will take approximately five to ten weeks to review the record system for the period from January 1, 1964, to the present.

B. *Defendant's Motion for Oral Voir Dire*

Defendant moves the court for an order allowing individualized oral *voir dire* pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure (Doc. 36). The government strongly opposes defendant's motion on grounds that defendant's counsel will attempt to abuse the *voir dire* process to advance erroneous legal instructions or illegal defense strategies. In support, the government cites the set of proposed *voir dire* questions submitted by defendant. (Doc. 29).

Rule 24(a) of the Federal Rules of Criminal Procedure provides:

(a) **Examination.** The court may permit the defendant or the defendant's attorney and the attorney for the government to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event the court shall permit the defendant or the defendant's attorney and the attorney for the government to supplement the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions by the parties or their attorneys as it deems proper.

Accordingly, the method of *voir dire* is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *See United States v. Evans,* 542 F.2d 805, 812 (10th Cir.), *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1124, 51 L.Ed.2d 550 (1977). Generally, it is the accepted practice within this District for the court to conduct *voir dire* and then to permit counsel to conduct a limited oral *voir dire. United States v. Whitt,* 718 F.2d 1494, 1496 (10th Cir.1983).

Upon consideration of the relevant authorities and contentions of the parties, the court finds no reason to deviate from its normal procedure of conducting its own *voir dire,* followed by a limited *voir dire* conducted by the parties. However, because this action is to be tried by Chief Judge O'Connor, this determination is subject to his modification. Judge O'Connor will notify counsel prior to trial as to the extent of *voir dire* examination which the parties will be allowed to conduct. Similarly, the court finds that defendant's proposed list of *voir dire* questions will remain under advisement for Judge O'Connor's consideration.

IT IS BY THE COURT THEREFORE ORDERED that the following motions of the defendant are denied as specifically set forth in the above memorandum and order:

Defendant's motion for disclosure of informant (Doc. 38);

Defendant's motion for disclosure under Rule 12(d)(2) (Doc. 27);

Defendant's motion for an extension of time to file additional pretrial motions (Doc. 31);

Defendant's motion to disclose exculpatory evidence (Doc. 25);

Defendant's motion to disclose grand jury minutes and testimony (Doc. 37);

Defendant's motion for examination and inspection of documents and things regarding tax liability of government witnesses (Doc. 28);

Defendant's request for bill of particulars (Doc. 10);

Defendant's motion to amend and adopt request for bill of particulars (Doc. 34);

Defendant's motion to dismiss Indictment based on failure to comply with the Paperwork Reduction Act of 1980 (Doc. 40);

Defendant's verified motion to dismiss Indictment based on discriminatory and vindictive prosecution (Doc. 39);

Defendant's motion to dismiss or stay proceedings based on 28 U.S.C. § 1867(a) (Doc. 33);

IT IS FURTHER ORDERED that the following motions are granted in part, and denied in part, consistent with this memorandum and order:

Defendant's motion to discover exculpatory records and document's maintained in the IRS System of Records (Doc. 32);

Defendant's motion for Oral *Voir Dire* (Doc. 36); and

Defendant's motion for the disclosure of jury panel information pursuant to 26 U.S.C. § 6103(h)(5) (Doc. 30).

IT IS FURTHER ORDERED that the Clerk of the Court shall promptly forward the list of 50 names reserved for the jury panel in this case along with the home address and social security number of each member of the jury panel to counsel for the defendant and counsel for the United States.