UNITED STATES of America, Plaintiff,

v.

Harold L. POTTORF, Defendant.

No. 93–20032–01.

United States District Court,
D. Kansas.

July 30, 1993.

**1502**

Leon J. Patton, Asst. U.S. Atty., for plaintiff.

Michael Harris, Federal Public Defender, Kansas City, KS, William A. Cohan, Encinitas, CA, for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On March 24, 1993, a grand jury for the District of Kansas returned a two count indictment against the defendant, alleging that he had received substantial sums of gross income for the calendar years 1986 and 1987, that he was obligated to file federal income tax returns for those years and that he willfully failed to do so in violation of Title 26, United States Code, Section 7203. In response, defendant filed, among other motions, a motion to dismiss the indictment based upon a theory of discriminatory and vindictive prosecution, relying on *United States v. P.H.E., Inc.*, 965 F.2d 848 (10th Cir.1992). Following a hearing on July 2, 1993, the court on July 9, 1993, denied that motion and defendant promptly filed an interlocutory appeal with the Tenth Circuit Court of Appeals. On July 20, 1993, defendant filed his motion for a stay pending the appeal of this court's order denying the motion to dismiss the indictment (Doc. # 68). On July 26, 1993, the defendant also filed his motion for continuance of the trial date (Doc. # 69), relying on defendant's counsel's busy schedule. For the reasons set forth below, both motions are denied.

In *United States v. P.H.E., Inc.* ("*P.H.E.*"), the court adopted the test set out in *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), for determining when non-final collateral orders are appealable, establishing the following three conditions:

(1) The district court "had fully disposed of the question ...; in no sense did it leave the matter 'open, unfinished or inconclusive' ";

(2) [T]he decision was not simply 'a step toward final disposition of the merits of the case' ...; rather, it resolved an issue completely collateral to the cause of action asserted."

(3) "[T]he decision had involved an important right which would be 'lost, probably irreparably,' if review had to await final judgment...." *Id.* at 658, 97 S.Ct. at 2039 quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949).

*United States v. P.H.E., Inc.* at 853, 854.

■ Here, as in *P.H.E.*, there is no serious question whether or not the first two conditions are met. The denial of the defendant's motion to dismiss fully disposed of the question and that question is collateral to the cause of action asserted against the defendant by way of the government's indictment. The issue here, as in *P.H.E.*, is whether the third element is satisfied. This court finds that, unlike in *P.H.E.*, it is not. Although there are superficial similarities between this case and *P.H.E.*, this court finds them distinguishable and believes that if the defendant is to obtain a stay, to postpone his trial date set for August 23, 1993, he should seek that relief from the circuit.

This court is mindful of the importance of First Amendment rights and the special protection which courts have accorded them over the years. Any reading of *P.H.E.* makes it clear that the Tenth Circuit accords First Amendment rights among the highest priorities. However, *P.H.E.*, as well as the cases on which it relies, involve much more direct attacks on speech through the very prosecutions themselves. *P.H.E.*, for example, was an obscenity case. *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), the seminal case on which much of this jurisprudence is based, involved prosecution under a Louisiana anti-subver-

sion law.[1] This case involves allegations that Mr. Pottorf willfully failed to file income tax returns. He is not being prosecuted for his speech, even though he argues that he is being prosecuted because of it.[2]

This case is also different from *P.H.E.* in that, as the circuit court found there, the parties who were subjected to the prosecution "adduced evidence of an extensive pattern of prosecutorial conduct dating back some five years that suggests a persistent and widespread campaign to coerce the appellants into surrendering their First Amendment rights. The criminal indictment was only the most recent step in that effort." *United States v. P.H.E., Inc.,* 965 F.2d at 857. As noted in our earlier opinion, this court believes that Mr. Pottorf's evidence falls far short of establishing any indication that the government is engaged in a campaign against him based on any other motivation than because it believes he has willfully failed to file federal income tax returns, a perfectly permissible basis for the government to pursue a defendant in good faith. This court believes that Mr. Pottorf's case in support of his position that the government is improperly pursuing him because of his political beliefs and/or to chill his exercise of First Amendment rights is so thin as to be legally frivolous. Thus, even if this court were to find that a prosecution for alleged willful failure to file federal income tax returns which is alleged to be motivated by an impermissible desire to curb speech is not legally distinguishable from an obscenity or subversive speech prosecution which implicates First Amendment rights in the very legal proceeding itself, the court does not believe that this case should be stayed because it finds his claim of abuse of First Amendment rights to be wholly untenable. If the circuit court disagrees, then, of course, the defendant will be able to achieve a stay at that level.

■ Mr. Pottorf's counsel also seeks a continuance to "allow him sufficient time to adequately prepare" the defense. He sets forth in some detail his busy schedule from the present through the month of September. However, the court is not persuaded that prejudice would result to the substantial rights of the defendant or that manifest injustice would occur if a continuance is not granted. *See United States v. Jones,* 730 F.2d 593 (10th Cir.1984); *United States v. Wilks,* 629 F.2d 669 (10th Cir.1980).

Defendant's counsel states in his motion that he was retained to represent Mr. Pottorf at trial on or about March 16, 1993, over three months ago. Moreover, this case is an outgrowth of a prior prosecution against the defendant before Judge Saffels of this court, in which he was charged with willfully failing to file federal income tax returns for calendar years 1984, 1985, 1986 and 1987. *See United States v. Pottorf,* 769 F.Supp. 1176 (D.Kan. 1991). That case was dismissed by the government before trial and prosecution was reinstituted as to the years 1986 and 1987, only, in the indictment which is presently at issue. Mr. Pottorf's counsel in this case also represented him in the earlier proceeding. He has certainly had an adequate opportunity to familiarize himself with the case and to prepare the defendant's defense.

1. Justice Brennan aptly described the scope of the problem in *Dombrowski* as follows:

   A criminal prosecution *under a statute regulating expression* usually involves imponderables and contingencies that themselves may inhibit the full exercise of First Amendment freedoms.... When the statutes also have an overbroad sweep, as is here alleged, the hazard of loss or substantial impairment of those precious rights may be critical. For in such cases, the statutes lend themselves too readily to denial of those rights. The assumption that defense of a criminal prosecution will generally assure ample vindication of constitutional rights is unfounded *in such cases.*

   *Dombrowski,* 380 U.S. at 486, 85 S.Ct. at 1120 (citations omitted) (emphasis added).

2. One could make the analogy to a person who advocates decriminalization of marijuana, and perhaps belongs to or leads an advocacy organization, being prosecuted for possession or distribution or even to a person who is outspoken in opposition to the activities of federal financial regulators being prosecuted for bank fraud. Mr. Pottorf's argument for a stay here would seem to apply to those cases as well, opening the door to a considerable number of cases in which an appeal would lie *before trial* to determine whether or not the prosecution was grounded on a good faith motive or on a pernicious desire to chill speech. If that door is to be opened it should be done so by a higher authority than this court.

The court is also concerned that counsel for the defendant did not raise his scheduling complications any earlier than this motion. As the government notes in its response to the motion, the court clearly informed counsel for both parties at the July 2, 1993, hearing on various motions that the case was set for trial on August 23, 1993. Moreover, the court had, in fact, informed Mr. Pottorf's counsel as well as counsel for the government, at an appearance on June 21, 1993, that the court intended to set the case for trial on August 23, 1993. In fact, the record would reflect that counsel for Mr. Pottorf made reference to the trial being "set in concrete" in light of certain pending motions which, if granted, would have caused the date to be changed. Conspicuously absent among any of those motions, or any mention made by counsel for Mr. Pottorf of any anticipated motion, was the concept that his schedule might make him unavailable on August 23. Counsel for the government, by contrast, Leon J. Patton, did inform the court at the June appearance that he had conflict in August with another case which he is prosecuting in the District of Kansas but the court indicated to him that he would have to resolve that conflict, if necessary by turning the prosecution over to other counsel.

Moreover, the court notes that Mr. Pottorf's counsel did not raise any potential scheduling conflict, or even inconvenience, with the August trial date as the court considered and ultimately entered its order granting defendant's motion pursuant to 26 U.S.C. § 6103(h)(5) for the release, in advance of trial, of jury panel information in order to obtain Internal Revenue Service audit histories concerning prospective jurors. It would have been appropriate for counsel for the defendant, in seeking to put the government and the court to the task of submitting prospective jurors' names to the Treasury Department for scrutiny, to seek from the court a later trial date in order to avoid unnecessary expense and duplicative efforts. If defendant's counsel's schedule was so full on June 21 or on July 2 as to prevent him from adequately representing Mr. Pottorf for an August trial, the court cannot understand why he waited until July 26 to bring that matter to the court's attention. It does

make it difficult for the court to credit the assertion of prejudice or injustice by counsel when made after this delay.

For the reasons set forth above, then, defendant's motion for a stay pending appeal (Doc. # 68) and defendant's motion for continuance of trial date (Doc. # 69) are both denied.

**IT IS SO ORDERED.**